Ryan K. Bakhtiari (SBN 199147)
**AIDIKOFF, UHL & BAKHTIARI**
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone: (310) 274-0666
Telecopier: (310) 859-0513
Email: rbakhtiari@aol.com

Attorneys for Plaintiff Joseph Galdo,
and the Plaintiff Class

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA DIVISION

JOSEPH GALDO,

Individually and on behalf
of all others similarly situated,

        PLAINTIFF,

        -vs-

THE VANGUARD GROUP and DOES 1-
10,

        DEFENDANTS.

Case No: CV11  08434  SJO PJWx

**CLASS ACTION COMPLAINT**

**Jury Demand Endorsed Hereon**

---

CLASS ACTION COMPLAINT

---

1.  Joseph Galdo ("Named Plaintiff") brings this action against The Vanguard Group ("Defendant" or "Vanguard") for money damages, equitable, and declaratory relief on behalf of himself and all others similarly situated who have opened an Individual Retirement Account ("IRA") with Defendants.  As detailed below, in its standard form account agreement, Defendants take security interests in the assets of Named Plaintiff and Class Members, causing premature distributions under IRS regulations.

2.  Named Plaintiff is a resident of Los Angeles, CA.  Named Plaintiff opened an IRA with Defendants in April 2008.

3.  Defendant is a client owned American investment management company based in Malvern, Pennsylvania and is one of the world's largest investment management companies.  Defendant is also a leading provider of company-sponsored retirement plan services.

4.  The true names and capacities of the Defendants sued herein as Doe Defendants 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by assigning the identifier "Does 1 through 10". Each of the Defendants so designated are legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

## JURISDICTION AND VENUE

5.  Count I of this complaint states a claim for Defendants' violation of the California Consumer Legal Remedies Act, Section 1750 et seq. of the

---

CLASS ACTION COMPLAINT

California Civil Code.  Counts II and III state claims for unfair competition in violation of Section 17200 et seq. of the California Business and Professions Code. Count IV states a claim for breach of contract.  Count V states a claim for breach of fiduciary duty.  Count VI states a claim for declaratory relief under 28 U.S.C. §2201.

6.      This Court has subject-matter jurisdiction over all counts of this complaint under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a national class action in which members of the putative class are citizens of multiple states.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

8.      In connection with establishing his IRA account with Defendant, Named Plaintiff entered into an account agreement which set forth the terms and conditions pursuant to which the account will be maintained with Defendant ("Account Agreement").  Named Plaintiff's Account Agreement is attached as Exhibit A.

9.      The Account Agreement requires the IRA owner to agree to all of its terms.  Named Plaintiff's contract contained the following provision:

**Section 6.**

You agree to satisfy, promptly upon demand, any Debit Balance or other indebtedness or outstanding obligation related to Your Account, including but not limited to, any such indebtedness that results from instructions provided to VBS by You, Your agent, or any attorney-in-fact under a power of attorney, or investment Advisor authorized to make transactions in Your Account.  We may elect anytime, with or without notice, to make any Debit Balance or other indebtedness or outstanding obligation related to Your Account immediately due and payable. . . . For a Retirement Account, We may only sell securities in Your Retirement Account or in any of Your accounts with Our affiliates that are part of the same retirement plan to satisfy any Debit balances.  You further agree to be responsible for all costs and commissions related to such sales. In addition, You agree that VBS shall be entitled to apply any dividends, capital gains payments, interest payments, or other incoming funds, such as funds that would otherwise be invested through the Vanguard Brokerage Dividend Reinvestment Program, to cover fees or other indebtedness to VBS.  Debit Balances in Your Account will be charged interest in accordance with VBS's established rules and policies, as disclosed to You.

If You owe money to VBS as a result of activity in Your Retirement Account and there are other assets in that

Retirement Account or that same IRA or other retirement plan that You hold at VBS or with any of Our affiliates which could fully or partially satisfy the debt, You agree that, upon VBS's written demand, You will execute all documents and/or give any oral instructions necessary to effect a transfer of such other assets, including cash, to Your VBS Retirement Account.

**Section 7.**

As security for the repayment of all present or future indebtedness owed to Us by each Account Owner, each Account Owner grants to Us a first, perfected, and prior lien on, a continuing security interest in, and right of set-off with respect to, all Securities and Other Property that is, now or in the future, held, carried, or maintained for any purpose in or through, any present or future account with Us or Our affiliates in which the Account Owner has an interest. VBS may rehypothecate any Securities or Other Property held, carried, maintained, or in the possession and control of VBS. In the event of a breach or default by You under the Agreement, VBS will have the rights and remedies available to a secured creditor under all applicable laws in addition to the rights and remedies provided in the Agreement. You agree to indemnify VBS for any loss or expense that VBS may incur in enforcing its lien or any other remedies available to it, including the reasonable cost of collection. This section does not apply to assets in a Retirement Account or to IRA or other retirement

plan assets in a Retirement Account or to IRA or other retirement plan assets held at Our affiliates.

**Section 8.**

Whenever it is necessary for Our protection or to satisfy a margin deficiency, debit, or other obligation owed Us, We may (but are not required to) sell, assign, and deliver all or any part of the property securing Your obligations, or close any or all transactions in Your Account or in any of Your accounts with Our affiliates.  We may choose which property to buy or sell, which transactions to close, and the sequence and timing of liquidation.  We may take such actions on whatever exchange or market and in whatever manner that We choose in the exercise of Our business judgment.  You agree not to hold Us liable for the choice of which property to buy or sell or of which transactions to close or for timing or manner of liquidation or any tax consequences from such actions.

We may transfer property from any brokerage account or in any of Your accounts with Our affiliates in which You have an interest to any other brokerage accounts in which You have an interest, regardless of whether there are other Account Owners on either account, if We determine that Your obligations are not adequately secured or to satisfy a margin deficiency or other obligation.  You agree to pay on demand any Account deficiencies after liquidation, whether liquidation is complete or partial.

All of the above may be done without demand for margin or notice of purchase, sale, transfer, or cancellation to You.  No demand for margin or notice shall impose on VBS any obligation to make such demand or provide such notice to You in the future.  Any such notice or demand is hereby expressly waived, and no specific demand or notice shall invalidate this answer.

10.     As set forth above, the Account Agreement grants Defendants a lien on the IRA owner's other Vanguard accounts and/or accounts with Vanguard's affiliates.

11.     As set forth above, the Account Agreement requires the IRA owner to personally guarantee the IRA account, as well as indemnify Vanguard for any liabilities generated by the account.

12.     Individual Retirement Accounts lose their tax exempt status if the IRA owner engages in a "prohibited transaction" with their IRA.  26 U.S.C. § 408(e)(2).

13.     26 U.S.C. § 4975(c)(1)(B) provides that the direct or indirect, "lending of money or other extension of credit between a plan and a disqualified person" will be considered a prohibited transaction.

14.     IRAs are considered plans under § 4975(e)(1)(B).

15.     IRA owners are considered fiduciaries to the plan, and thus disqualified persons under § 4975(e)(2)(A).

16.     Defendants knew or should have known that requiring an IRA owner to pledge the IRA owner's non-IRA assets for the benefit of the Defendants would result in the IRA owner engaging in a prohibited transaction and thus losing the tax exempt status of their retirement savings account.

17.     Defendants knew or should have known that requiring an IRA owner to personally guarantee the IRA account, as well as indemnify Vanguard for any liabilities generated by the account for the benefit of the Defendants would result in the IRA owner engaging in prohibited transactions and thus losing the tax exempt status of their retirement savings account.

18.     These provisions are designed to benefit Defendants since it permits Defendants to take assets in satisfaction of debts incurred in the IRA or in the IRA owner's other accounts with Defendants, requires an IRA owner to personally guarantee the IRA account, and indemnifies Defendants for any liabilities generated by the IRA account.

## CLASS ACTION ALLEGATIONS

19.     Named Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a Class defined as all current and former holders of IRA accounts with Defendants.  Excluded from the Class are Defendants, as well as Defendants' affiliates, employees, officers and directors, including franchised dealers, and the Judge to whom this case is assigned.  Plaintiff reserves the right to amend this Class definition if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

20.     The members of the Class are so numerous that joinder of all members would be impracticable.  Named Plaintiff reasonably estimates that there are at least hundreds of thousands of Class members who have entered into IRA contracts with Defendants.  The members of the Class are readily identifiable from

information and records in Defendants' possession, custody or control. The
disposition of these claims will provide substantial benefits to the Class.

21.    There are questions of law and fact common to the members of the
Class that predominate over any questions affecting only individual Class
members, including, but not limited to, the following:

a.  Whether Class Members and Defendants entered into a contract pertaining to the administration of their IRAs;

b.  Whether Class Members are "disqualified persons" and "fiduciaries" under IRS regulations;

c.  Whether Defendants took a security interest in the assets of Class Members' other accounts as a condition of opening the IRA;

d.  Whether Defendants' taking of a security interest is a "prohibited transaction" under IRS regulations;

e.  Whether Defendants breached their Account Agreement with Class Members by taking a security interests in the IRA;

f.  Whether Defendants require Class Members to personally guarantee the IRA account;

g.  Whether Defendants' requiring Class Members to personally guarantee the IRA account is a "prohibited transaction" under IRS regulations;

h.  Whether Defendants breached their Account Agreement with Class Members by requiring Class Members to personally guarantee the IRA account;

     i.   Whether Defendants require Class Members to indemnify Defendants for any liabilities generated by the IRA account;

     j.   Whether Defendants requiring Class Members to indemnify Defendants for any liabilities generated by the IRA account is a "prohibited transaction" under IRS regulations; and

     k.   Whether Defendants breached their Account Agreement with Class Members by requiring Class Members to indemnify Defendants for any liabilities generated by the IRA account.

22.    Named Plaintiff's claims are typical of the claims of the members of the Class. Named Plaintiff has no interests antagonistic to those of the Class and is not subject to any unique defenses.

23.    Named Plaintiff will fairly and adequately protect the interests of all members of the Class and has retained attorneys experienced in class action and complex litigation.

24.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons:

     a.   It is economically impractical for members of the class to prosecute separate actions;

     b.   The class is readily definable;

     c.   Prosecution as a class action will eliminate the possibility of repetitious litigation; and

     d.   A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense and will ensure uniformity of decisions.

---

## COUNT I
### (VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT)
### (On Behalf Of Named Plaintiff and Class Members Who Were Residents Of California At The Time They Entered Into An IRA Contract With Defendants)

25.     Named Plaintiff hereby incorporates by reference every allegation of this Complaint as if fully restated herein.

26.     At all times relevant hereto, Named Plaintiff and each putative class member was a "consumer," as that term is defined in Cal. Civ. Code § 1761(d).

27.     At all times relevant hereto, Defendants' administration of the IRAs constituted "services," as that term is defined in Cal. Civ. Code § 1761 (b).

28.     At all times relevant hereto, each Defendant constituted a "person" as that term is defined in Cal. Civ. Code § 1761 (c).

29.     At all times relevant hereto, Named Plaintiff's and each putative class member's application for an IRA constituted a "transaction," as that term is defined in Cal. Civ. Code § 1761(e).

30.     In connection with the offering services for administration of Class Members' IRAs, Defendants provided the Account Agreement, which covers administration of the IRAs.  (Exhibit A).

31.     The Account Agreement is a contract of adhesion, drafted by Defendants and imposed upon Named Plaintiff and Class Members who have no opportunity to negotiate its terms.

32.     The provision in the Account Agreement that allows Defendants to take a security interest in the other Vanguard accounts held by the IRA owner is unconscionable.

33.     The Account Agreement is a contract of adhesion, drafted by Defendants and imposed upon Named Plaintiff and Class Members who have no opportunity to negotiate its terms.

34.     The provisions in the Account Agreement that allow Defendants to require the IRA owner to personally guarantee the IRA account and indemnify Vanguard for any liabilities generated by the account are unconscionable.

35.     Defendants' act of inserting these unconscionable provisions in the Account Agreement violated Cal. Civ. Code §1770(a)(19).

36.     As a direct and proximate result of Defendants' violations of law, Named Plaintiff and the putative class members are entitled to declaratory and injunctive relief, including a declaration that Defendants' practices violate the Consumer Legal Remedies Act; an injunction prohibiting Defendants from continuing this practice, and requiring Defendants to remedy any problems caused by the unconscionable provision.

37.     Named Plaintiff is also entitled to and hereby seeks an order directing Defendants to pay reasonable attorneys' fees and costs of suit, as awarded by the Court, pursuant to Section 1780(d) of the California Civil Code.

## COUNT II

**(VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW)**
**(On Behalf Of Named Plaintiff and Class Members Who Were Residents Of California At The Time They Entered Into An IRA Contract With Defendants)**

38.     Named Plaintiff hereby incorporates by reference every allegation of this complaint as if fully restated herein.

39.     Cal. Bus. & Prof. Code §§ 17200 et seq. prohibits all unlawful and unfair business practices and/or acts.  Said statute is liberally construed to protect the public.

40.     In doing and/or refusing to do the acts alleged herein, Defendants engaged and continues to engage in an unlawful practice in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

41.     Defendants' acts and practices are unlawful because they violate Civil Code § 1770(a)(19).

42.     Defendants' acts and practices are unlawful because they violated their fiduciary responsibilities under 26 C.F.R. 1.408-2(e)(5)(i), *et seq.*

43.     Defendants' wrongful conduct alleged herein is part of a pattern or generalized course of conduct that occurred and continues to occur in the ordinary course of Defendants' business.  Thus, Defendants' conduct impacts the public interest.

44.     Named Plaintiff and the putative Class Members all paid money for administration of their IRA.  Thus, Named Plaintiff and the Class all have suffered monetary injury as a result of Defendants' unfair and unlawful business practices. As such, Named Plaintiff and the putative class members have standing to bring their claims for violation of California Bus. & Prof. Code §§ 17200 et seq.

## COUNT III

**(VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW)**
**(On Behalf Of Named Plaintiff and Class Members Who Were Residents Of California At The Time They Entered Into An IRA Contract With Defendants)**

45.     Named Plaintiff hereby incorporates by reference every allegation of this complaint as if fully restated herein.

CLASS ACTION COMPLAINT

46.     Cal. Bus. & Prof. Code § 17200 et seq. prohibits all unlawful and unfair business practices and/or acts.  Said statute is liberally construed to protect the public.

47.     In doing and/or refusing to do the acts alleged herein, Defendants engaged and continues to engage in an unfair practice in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

48.     Defendants' wrongful conduct alleged herein is part of a pattern or generalized course of conduct that occurred and continues to occur in the ordinary course of Defendants' business.  Thus, Defendants' conduct impacts the public interest.

49.     Defendants' acts and practices are unfair within the meaning of California's Business and Professions Code, Section 17200 *et. seq.* of the California Business and Professions Code because Defendants take a security interest in the IRA holder's other accounts, require an IRA owner to personally guarantee the IRA account, and require an IRA owner to indemnify Vanguard for any liabilities generated by the account, which results in a "distribution" of those accounts under IRS regulations and causes the IRA accounts to lose their tax-exempt status.  Meanwhile, Defendants are benefited because these provisions allow Defendants to take assets in satisfaction of debts incurred in the IRA or in the IRA owners' other accounts with Defendants.

50.     Named Plaintiff and the putative class members all paid money in form of annual fees for Defendants to administer their IRA.  Thus, Named Plaintiff and the Class all have suffered monetary injury a result of Defendants' unfair and unlawful business practices.  As such, Named Plaintiff and the putative class

members have standing to bring their claims for violation of California Bus. & Prof. Code §§ 17200 *et seq.*

51.     The acts and practices described herein are not outweighed by any alleged countervailing benefit to consumers or to competition, because Named Plaintiff and Class Members paid for administration of their tax-deferred IRA and Defendants' practices caused those IRAs to lose their tax-deferred status, thereby placing Defendants at a competitive advantage vis-à-vis others by obtaining security interests in Class Members' assets and requiring Class Members to guarantee and indemnify Vanguard for any liabilities generated by the account, to the detriment of Named Plaintiff and Class Members.

52.     The injury complained of is not an injury the consumers themselves could reasonably have avoided.

53.     Named Plaintiff, on behalf of himself and the putative class members, seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Cal. Bus. & Prof. Code § 17203 and Civil Code § 3345, plus interest, attorneys' fees and costs pursuant to, *inter alia,* Code of Civ. Proc. § 1021.5.

## COUNT IV
## (BREACH OF CONTRACT)

54.     Named Plaintiff hereby incorporates by reference each and every allegation of this complaint with the same force and effect as if it had been fully restated herein.

55.     A contract exists between Named Plaintiff and members of the putative class and Defendants regarding the administration of their IRA.

56.     As part of this contract, Named Plaintiff and the putative class members paid Defendants significant consideration for the administration of their IRAs.  As part of the bargained-for-exchange of this contract, Defendants were to administer the IRAs in a manner consistent with the laws and regulations applicable to those accounts, and in a manner that would not cause Named Plaintiff and Class Members to have their IRA accounts "distributed" under IRS Regulations.

57.     Defendants, therefore, materially breached their contractual obligations by taking a security interest in Named Plaintiff's and Class Members' other accounts, by requiring Class Members to personally guarantee the IRA account, and by indemnifying Vanguard for any liabilities generated by the account.

58.     Defendants' breach was not excused by any event or circumstance.

59.     As a proximate and foreseeable result of Defendants' breach, Named Plaintiff and the members of the putative class have and/or will sustain damages and losses.  These damages include, but are not limited to, any tax consequences and any fees paid to Defendant to administer the IRAs.

## COUNT V
## (BREACH OF FIDUCIARY DUTY)

60.     Named Plaintiff hereby incorporates by reference each and every allegation of this complaint with the same force and effect as if it had been fully restated herein.

61.     Defendants have a fiduciary duty to administer the IRA in accordance with applicable laws and regulations and for the benefit of Named Plaintiff and the

Class Members.  Named Plaintiff and the putative class members paid Defendants significant consideration in the form of annual fees for the administration of their IRAs.  As part of Defendants' fiduciary duty, Defendants were obligated to administer the IRAs in a manner that would not cause Named Plaintiff and Class Members to have their IRA accounts "distributed" under IRS Regulations.

62.   Defendants' breach was not excused by any event or circumstance.

63.   As a proximate and foreseeable result of Defendants' breach, Named Plaintiff and the members of the putative class have and/or will sustain damages and losses.  These damages include, but are not limited to, any tax consequences and any fees paid to Defendant to administer the IRAs.

## COUNT VI
## (DECLARATORY RELIEF)

64.   Named Plaintiff hereby incorporates by reference each and every allegation of this complaint with the same force and effect as if it had been fully restated herein.

65.   There exists an actual, present, and justiciable controversy between Named Plaintiff and Class Members, on one hand, and Defendants, on the other hand, concerning their rights and duties with respect to Defendants' conduct described herein.  Named Plaintiff contends that Defendants violated and continue to violate his rights and duties under the IRA contract.

66.   This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so that the parties may know the legal obligations that govern their present and future conduct.

67.     Accordingly, pursuant to 28 U.S.C. § 2201, Named Plaintiff requests this Court to declare the rights of Named Plaintiff and Class Members and the obligations of Defendants and enter a final judgment:

a.     Declaring the security interest provision contained in Account Agreements with Named Plaintiff and Class Members *void ab initio*;

b.     Declaring the security interest provision contained in the IRA contracts with Named Plaintiff and Class Members unconscionable and a continuing breach of the IRA Account Agreement;

c.     Declaring the guarantee and indemnification provisions contained in the Account Agreement with Named Plaintiff and Class Members *void ab initio*; and

d.     Declaring the guarantee and indemnification provisions contained in the Account Agreement with Named Plaintiff and Class Members unconscionable and a continuing breach of the IRA Account Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself and all others similarly situated, prays for a judgment against Defendants as follows:

a.     For an order certifying the proposed Class herein under Federal Rule of Civil Procedure 23(a) and (b)(3) and appointing Named Plaintiffs and their counsel of record to represent said Class;

b.     For an order certifying the proposed Class herein under Federal Rule of Civil Procedure 23(a) and (b)(2) and appointing Named Plaintiffs and their counsel of record to represent said Class;

c.    For an order that Defendants be permanently enjoined from engaging in the unlawful activities and practices complained of herein;

d.    For an order awarding restitution and disgorgement of all monies paid by Named Plaintiff and the Class Members and/or ill-gotten gains realized by Defendants as a direct result of Defendants' unlawful and unfair business practices complained of herein;

e.    For an order awarding all damages sustained by Named Plaintiff and Class Members for any adverse tax consequences caused by Defendants' unlawful and unfair business practices complained of herein;

f.    For an order imposing a constructive trust for the benefit of Named Plaintiff and the Class Members upon all charges paid by Plaintiff and the Class Members;

g.    For declaratory relief as this Court deems appropriate;

h.    For attorneys' fees and costs of suit, including expert witness fees;

i.    For an order awarding pre-judgment and post-judgment interest as prescribed by law;

j.    For actual and punitive damages plus interest thereon; and

k.    For such other further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Named Plaintiff hereby demands a trial by jury on all claims so triable.

//

//

---

CLASS ACTION COMPLAINT

---

Dated: October 5, 2011

Respectfully submitted,

Ryan K. Bakhtiari (SBN 199147)
**AIDIKOFF, UHL & BAKHTIARI**
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone: (310) 274-0666
Telecopier: (310) 859-0513
Email: rbakhtiari@aol.com

Steven B. Caruso
sbcaruso@aol.com
MADDOX HARGETT & CARUSO, P.C.
80 Broad Street
Fifth Floor
New York, NY 10004
Telephone: (212) 837-7908
Telecopier: (212) 837-7998

Thomas K. Caldwell
tkcaldwell@mhclaw.com (Pro Hac Vice to
be filed)
T. John Kirk
kirktjohn@mhclaw.com (Pro Hac Vice to be
filed)
MADDOX HARGETT & CARUSO, P.C.
10100 Lantern Rd.
Suite 150
Fishers, IN 46037
Telephone: (317) 598-2040

CLASS ACTION COMPLAINT

Telecopier: (317) 598-2050

Barbara Quinn Smith
bqsmith@mhclaw.com (Pro Hac Vice to be
filed)
MADDOX HARGETT & CARUSO, P.C.
9853 Johnnycake Ridge Road
Suite 302
Mentor, OH 44060
Telephone: (440) 354-4010
Telecopier: (440) 848-8175

Tim Berry
tim@iraideas.com (Pro Hac Vice to be filed)
TIM BERRY P.C.
11812 E. Toledo
Gilbert, AZ 85295
Telephone:  (602) 652-2875

CLASS ACTION COMPLAINT

# EXHIBIT A

# Vanguard Brokerage Account Application Agreement

## Effective December 8, 2010

This Vanguard Brokerage Account Application Agreement (Application Agreement) relates to Your Account and is part of the Vanguard Brokerage Account Agreement (Account Agreement) between each Account Owner and Vanguard Brokerage Services (VBS). Defined terms in the Application Agreement have the same meaning as in the Account Agreement. Please read and retain for Your records.

### Definition

"Retirement Account"—An Account held in a traditional or Roth individual retirement account or a Coverdell Education Savings Account (collectively, "IRA") or an employer-sponsored retirement plan.

### Section 1: Scope of Agreement.

Your agreement with VBS will be governed by and consists of the terms set forth in this Application Agreement and incorporates by reference the terms set forth in the *Vanguard Brokerage Account Agreement*, which includes the *Vanguard Brokerage Services Commission and Fee Schedules*, *Vanguard Brokerage Account Application*, and the other disclosures, terms, and agreements relating to Your Account or to particular features or services offered in connection with Your Account. The Account Agreement is provided with this Application or at the opening of Your Account (the Agreement). You agree to contact VBS if You do not receive the Account Agreement.

In addition, You may, in the future, receive from VBS supplemental disclosures, terms, and agreements that pertain to certain account types, features, or services. References to the Agreement include these supplemental disclosures, terms, and agreements. You agree to read the Agreement carefully and retain copies for Your records.

### Section 2: Acceptance of Agreements and Disclosures.

You agree that the Agreement governs all aspects of Your relationship with VBS, including all transactions between VBS and You and all products and services now or in the future offered through VBS. VBS may rely on Your use of VBS's products and services as evidence of Your continued acceptance of the Agreement.

### Section 3: Your Representations and Warranties.

You represent and warrant that: (a) You are of legal age in the state in which You live and You are authorized to enter into the Agreement; (b) You have supplied accurate information in Your Vanguard Brokerage Account Application (Account Application); (c) no one except the Account Owners listed on the Account Application (and if community property is held, the Account Owners' spouses) has an interest in the Account; (d) no additional authorizations from third parties are required for You to open the Account and effect transactions therein; (e) except as You have otherwise indicated on Your Account Application or in writing to Us, (i) You are not an employee of or affiliated with any securities exchange or member firm of any exchange, the Financial Industry Regulatory Authority (FINRA), the Municipal Securities Rulemaking Board (MSRB), or any securities firm, bank, trust company, or insurance company, and (ii) You are not a director, 10% beneficial shareholder, policy-making officer, or otherwise an "affiliate" (as defined in Rule 144 under the Securities Act of 1933) of a publicly traded Company; and (f) the Agreement, as amended from time to time, is a legal, valid, and binding obligation, enforceable against You in accordance with its terms.

### Section 4: Account Handling.

VBS will automatically hold all of Your securities purchased, sales proceeds, dividends, and interest. VBS will also release Your name, address, and securities positions to companies in which You hold securities upon request, unless You notify us otherwise in writing. If You maintain more than one account at VBS, You authorize VBS to transfer assets between Your accounts when no written authorization is requested.

### Section 5: Responsibility for Investment Decisions.

You agree that You and any agent under a power of attorney or Investment Advisor (if You have one) are solely responsible for investment decisions in Your Account, including whether to buy or sell a particular security. Your obligation includes an affirmative duty to monitor and stay informed about Your Account and Your investments and respond to changes as You deem appropriate.

VBS does not have any discretionary authority or obligation to review or make recommendations for the investment of Securities and Other Property in Your Account. You acknowledge that VBS does not provide tax or legal advice.

### Section 6: Payment of Indebtedness.

You agree to satisfy, promptly upon demand, any Debit Balance or other indebtedness or outstanding obligation related to Your Account, including, but not limited to, any such indebtedness that results from instructions provided to VBS by You, Your agent, or any attorney-in-fact under a power of attorney, or Investment Advisor authorized to make transactions in Your Account. We may elect anytime, with or without notice, to make any Debit Balance or other indebtedness or outstanding obligation related to Your Account immediately due and payable. Except for Retirement Accounts, We may, with or without notice, to sell securities in any of Your brokerage accounts or in any of Your accounts with Our affiliates to satisfy any Debit Balances. For a Retirement Account, We may only sell securities in Your Retirement Account or in any of Your accounts with Our affiliates that are part of the same retirement plan to satisfy any Debit balances. You further agree to be responsible for all costs and commissions related to such sales. In addition, You agree that VBS shall be entitled to apply any dividends, capital gains payments, interest payments, or other incoming funds, such as funds that would otherwise be invested through the Vanguard Brokerage Dividend Reinvestment Program, to cover fees or other indebtedness to VBS. Debit Balances in Your Account will be charged interest in accordance with VBS's established rules and policies, as disclosed to You.

If You owe money to VBS as the result of activity in Your Retirement Account and there are other assets in that Retirement Account or that same IRA or other retirement plan that You hold at VBS or with any of Our affiliates which could fully or partially satisfy the debt, You agree that, upon VBS's written demand, You will execute all documents and/or give any oral instructions necessary to effect a transfer of such other assets, including cash, to Your VBS Retirement Account.

### Section 7: Security for Indebtedness.

As security for the repayment of all present or future indebtedness owed to Us by each Account Owner, each Account Owner grants to Us a first, perfected, and prior lien on, a continuing security interest in, and right of set-off with respect to, all Securities and Other Property that is, now or in the future, held, carried, or maintained for any purpose in or through VBS, and, to the extent of such Account Owner's interest in or through, any present or future account with Us or Our affiliates in which the Account Owner has an interest. VBS may rehypothecate any Securities or Other Property held, carried, maintained, or in the possession and control of VBS. In the event of a breach or default by You under the Agreement, VBS will have the rights and remedies available to a secured creditor under all applicable laws in addition to the rights and remedies provided in the Agreement. You agree to indemnify VBS for any loss or expense that VBS may incur in enforcing its lien or any other remedies available to it, including the reasonable cost of collection. This section does not apply to assets in a Retirement Account or to IRA or other retirement plan assets held at Our affiliates.

### Section 8: Liquidations.

Whenever it is necessary for Our protection or to satisfy a margin deficiency, debit, or other obligation owed Us, We may (but are not required to) sell, assign, and deliver all or any part of the property securing Your obligations, or close any or all transactions in Your Account or in any of Your accounts with Our affiliates. We may choose which property to buy or sell, which transactions to close, and the sequence and timing of liquidation. We may take such actions on whatever exchange or market and in whatever manner that We choose in the exercise of Our business judgment. You agree not to hold Us liable for the choice of which

property to buy or sell or of which transactions to close or for timing or manner of liquidation or any tax consequences from such actions.

We may transfer property from any brokerage account or in any of Your accounts with Our affiliates in which You have an interest to any other brokerage accounts in which You have an interest, regardless of whether there are other Account Owners on either account, if We determine that Your obligations are not adequately secured or to satisfy a margin deficiency or other obligation. You agree to pay on demand any Account deficiencies after liquidation, whether liquidation is complete or partial.

All of the above may be done without demand for margin or notice of purchase, sale, transfer, or cancellation to You. No demand for margin or notice shall impose on VBS any obligation to make such demand or provide such notice to You in the future. Any such notice or demand is hereby expressly waived, and no specific demand or notice shall invalidate this waiver.

### Section 9: Terms of Agreement.

The Agreement, and the terms contained on the Account statements and confirmations sent to You by or on behalf of VBS contain the entire understanding between You and VBS concerning the subject matter of the Agreement. In certain non-U.S. jurisdictions, We may incorporate agreements deemed appropriate and advisable under local law.

On prior or concurrent written notice to You, We may modify or rescind existing provisions or add new provisions to the Agreement. By not closing and/or continuing to use Your Account, You confirm Your agreement to abide by the Agreement, as amended from time to time. Amendments will not affect rights or obligations either of us incur before the effective date of the amendment. No prior conduct, past practice, or oral statement by any VBS employee or agent can amend or modify this written agreement.

Waivers of rights under the Agreement must be expressed in writing and signed by the party waiving the rights. A waiver will apply only to the particular circumstance giving rise to the waiver and will not be considered a continuing waiver in other similar circumstances, unless the intention to grant a continuing waiver is expressed in writing. Our failure to insist on strict compliance with the Agreement or any other course of conduct on our part is not considered a waiver of Our rights under the Agreement.

VBS can close Your Account, or terminate any feature, at any time, for any reason, and without prior notice. Such termination may include order rejections and liquidation of Your Account. You can close Your Account, or terminate any optional feature, by notifying Us in writing. VBS may automatically close accounts with zero balances. Regardless of how or when Your Account is closed, You will remain responsible for all charges, debit items, or other transactions You initiated or authorized, whether arising before or after termination. Note that a final disbursement of assets may be delayed until any remaining issues have been resolved.

### Section 10: Verification.

You authorize VBS to inquire from any source, including a consumer reporting agency, as to Your identity (as required by federal law), creditworthiness, and ongoing eligibility for the Account of the Account Owners, any other person referred to on this Application, or any person whom VBS is later notified is associated with or has an interest in the Account (as well as such persons' spouses if they live in a community-property jurisdiction) at Account opening, at any time throughout the life of the Account, and thereafter for debt collection or investigative purposes. On Your written request, We will inform You whether We have obtained credit reports and, if so, We will provide You with the name and address of the reporting agency that furnished the reports.

### Section 11: Required Arbitration Disclosures.

The Agreement contains a predispute arbitration clause. By signing an arbitration agreement, the parties agree as follows:

- All parties to the Agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.

- Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.

- The ability of the parties to obtain documents, witness statements, and other discovery is generally more limited in arbitration than in court proceedings.

- The arbitrators do not have to explain the reason(s) for their award.

- The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.

- The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.

- The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into the Agreement.

### Section 12: Arbitration Agreement.

You agree to settle by arbitration any controversy between or among You and VBS arising out of or relating to VBS's business or the Agreement. Such arbitration will be conducted by, and in accordance with, the securities arbitration rules and regulations then in effect of FINRA or any national securities exchange that provides a forum for the arbitration of disputes, provided that VBS is a member of such national securities exchange at the time the arbitration is initiated. Arbitration must be commenced by service upon the other party of a written demand for arbitration or a written notice of intention to arbitrate, therein electing the arbitration tribunal. In the event the undersigned does not make such election within five (5) days of such demand or notice, then the undersigned authorizes VBS to do so on behalf of the undersigned. The award of the arbitrator will be final and binding, and judgment on the award may be entered in any court having jurisdiction.

No person shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative class action or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under the Agreement except to the extent stated herein.

### Section 13: Governing Law.

The Agreement, all transactions made in Your Account, and all matters arising in connection with the Agreement will be governed by, and construed and enforced in accordance with, the laws of the State of New York (regardless of the choice of law rules thereof).

### Section 14: Electronic Copies.

The electronically stored copy of Your (or Your agent's) signature, any written instructions or authorizations, the Vanguard Brokerage Account Application, and the Agreement are considered to be the true, complete, valid, authentic, and enforceable records, admissible in judicial, administrative, or arbitration proceedings to the same extent as if the documents and records were originally generated and maintained in printed form. You agree not to contest the admissibility or enforceability of VBS's electronically stored copy of such documents in any proceeding between You and VBS.

### Section 15: Information about SIPC.

To obtain information about the Securities Investor Protection Corporation (SIPC), including an explanatory SIPC brochure, please contact SIPC at www.sipc.org or 202-371-8300.

2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 8434 SJO (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) <br> JOSEPH GALDO, individually and on behalf of all others similarly situated | DEFENDANTS <br> THE VANGUARD GROUP |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> AIDIKOFF, UHL & BAKHTIARI <br> 9454 WILSHIRE BLVD. SUITE 303 <br> BEVERLY HILLS, CA 90212 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes □ No       □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 2201

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 465 Other Immigration Actions | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | | | |
| | □ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**CV11   08434**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Chester County, Pennsylvania |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   10/11/11

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |